IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| LOUIS D. CRAFT, JR., | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. CIV-11-728-HE |
| | ) | |
| JUSTIN JONES, DIRECTOR, | ) | |
| | ) | |
| Respondent. | ) | |

**REPORT AND RECOMMENDATION**

Mr. Louis Craft, Jr. seeks habeas relief based on a false disciplinary charge and inability to attend a rehearing. The Court should deny habeas relief on the first ground and dismiss the second claim as moot.

**Background**

After a misconduct conviction for "menacing," Mr. Craft sought habeas relief based on falsity of the disciplinary charge and denial of an opportunity to attend the disciplinary hearing.

Mr. Jones moves to dismiss the action based on mootness, but does not acknowledge the claim regarding falsity in the misconduct charge.[1] For this motion, the Respondent relies

---

[1] The Court had ordered an evidentiary hearing on the claim involving an inability to attend the hearing. In doing so, however, the Court did not suggest that the habeas action had been confined to this claim. *See*, *e.g.*, Order at p. 1 (Aug. 23, 2011) (noting that Mr. Craft has alleged "in part" that he was not allowed to attend his disciplinary hearing).

on the decision by prison officials to set aside the disciplinary conviction and order a new hearing during the pendency of this action.

## **Inability to Attend the Disciplinary Rehearing: Mootness**

Mr. Craft alleges in part that prison officials had denied him the opportunity to attend his disciplinary hearing. *See supra* p. 1. However, the Court should grant the motion to dismiss on this claim because it is moot.

"Mootness is a threshold issue because the existence of a live case or controversy is a constitutional prerequisite to federal court jurisdiction." *McClendon v. City of Albuquerque*, 100 F.3d 863, 867 (10th Cir. 1996) (citation omitted). An action becomes moot when the Court cannot grant "any effectual relief whatever" to a prevailing party. *Church of Scientology v. United States*, 506 U.S. 9, 12 (1992). If the habeas claim is moot, the Court lacks subject-matter jurisdiction.[2]

During the pendency of the action, prison officials set aside the disciplinary conviction and ordered a new hearing. *See* Respondent's Motion to Dismiss as Moot, Exh. 1 (Aug. 25, 2011). This action mooted the habeas claim involving an inability to attend the disciplinary hearing.[3]

---

[2] *See Rio Grande Silvery Minnow v. Bureau of Reclamation*, 601 F.3d 1096, 1109 (10th Cir. 2010) ("We have no subject-matter jurisdiction if a case is moot." (citation omitted)); *see also Miller v. Glanz*, 331 Fed. Appx. 608, 610 (10th Cir. June 22, 2009) (unpublished op.) ("Mootness . . . is a fundamental bar to judicial review . . ., and applies in habeas as in any other type of litigation." (citations omitted)).

[3] *See Veal v. Jones*, 349 Fed. Appx. 270, 271 (10th Cir. Oct. 14, 2009) (unpublished op.) (holding that the habeas claim was moot because the Oklahoma Department of Corrections had already vacated the disciplinary conviction and granted a new hearing); *see also Brown v. Wyoming*

The Petitioner argues that when officials voluntarily terminate the challenged conduct, the claim will not be considered moot. Petitioner's Response to Motion to Dismiss as Moot at ECF pp. 1-2 (Sept. 6, 2011). This argument is not persuasive in the current circumstances.

A claim will only be considered moot if "the issue is deemed a wrong capable of repetition yet evading review [or] the defendant voluntarily ceases an allegedly illegal practice but is free to resume it at any time." *R.M. Investment Company v. United States Forest Service*, 511 F.3d 1103, 1107 (10th Cir. 2007). Mr. Craft's argument presumes that prison officials would again deny him the opportunity to attend the rehearing without just cause. But the Court has no reason to believe that the same alleged constitutional infirmity would take place in the rehearing. *See Rio Grande Silvery Minnow v. Bureau of Reclamation*, 601 F.3d 1096, 1117 (10th Cir. 2010) (stating that a case is moot if the possible recurrence would involve a speculative contingency). Consequently, the Court should regard this claim as moot and order dismissal without prejudice.[4]

---

*Department of Corrections State Penitentiary Warden*, 234 Fed. Appx. 874, 877 n.1 (10th Cir. May 23, 2007) (unpublished op.) (noting "that alleged violations of due process in the first disciplinary hearing were mooted by [the prisoner's] success in having his initial charges vacated").

[4] *See Albert v. Smith's Food & Drug Centers, Inc.*, 356 F.3d 1242, 1249 (10th Cir. 2004) ("In cases where the district court has determined that it lacks jurisdiction, dismissal of a claim must be without prejudice." (footnote & citation omitted)).

## Falsity of the Misconduct Charge:
## Invalidity as a Matter of Law

According to the Petitioner, he was subjected to a racial slur by Correctional Officer Olden. Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus at ECF p. 10 (June 27, 2011).[5] To "justify the racial remark," Officer Olden allegedly falsified a misconduct report and stated that the Petitioner had made an inappropriate sexual comment. *Id.* at ECF p. 11. Based in part on the false report, Mr. Craft seeks habeas relief.

The threshold issue is whether this claim is moot. *See supra* pp. 1-2. The Court should answer in the negative. Mr. Craft apparently challenges the constitutionality of the charging decision rather than the outcome of the disciplinary hearing. Because prison authorities have ordered a rehearing, Mr. Craft could benefit from an adjudication regarding a constitutional infirmity in the underlying charge. As a result, the Court should reject the Respondent's argument for dismissal of the claim based on mootness. Nonetheless, the claim is invalid as a matter of law because falsity of the underlying misconduct charge would not support habeas relief.

The United States Supreme Court has narrowly defined the procedural protections afforded inmates charged with disciplinary infractions. These protections consist of:

- advance written notice of the disciplinary charges,

---

[5] With Mr. Craft's approval, the Court recharacterized the action as one for habeas relief under 28 U.S.C. § 2241. *See* Untitled Response (July 5, 2011); Order at ECF p. 1 (July 7, 2011).

4

- an opportunity to call witnesses and present evidence when these procedures would not compromise institutional safety and goals,

- a written statement concerning the evidence relied on for disciplinary action, and

- the existence of some evidence to support the disciplinary findings.[6]

These protections do not prohibit the use of a false misconduct charge.[7] Because the issuance of a false misconduct charge would not justify a writ of habeas corpus, the Court should deny relief on this claim.

## **Recommended Rulings**

The Court should overrule the motion to dismiss the habeas claim involving falsity of the misconduct charge. However, the claim should be denied on the merits.

The motion to dismiss should be granted on the claim regarding an inability to attend the disciplinary hearing. This claim is moot and should be dismissed without prejudice.

---

[6] *See Superintendent, Massachusetts Correctional Institution v. Hill*, 472 U.S. 445, 454 (1985) (requirement of some evidence to support the findings); *Wolff v. McDonnell*, 418 U.S. 539, 564-66 (1974) (necessity of advance notice, an opportunity to call witnesses and present evidence, and a written explanation for the decision).

[7] *See Whitmore v. Kaiser*, 176 F.3d 490, 1999 WL 288498, Westlaw op. at 1-2 (10th Cir. May 10, 1999) (unpublished op.) (affirming the denial of habeas relief on a claim that prison officials had lied when they accused the petitioner of an offense, reasoning that he had obtained the due process protections under *Wolff* and *Hill*); *Jackson v. Warden, Administrative Maximum*, 110 F.3d 73, 1997 WL 158136, Westlaw op. at 1-2 (10th Cir. Apr. 2, 1997) (unpublished op.) (same); *Raine v. Nessmith*, 67 F.3d 312, 1995 WL 564505 (10th Cir. Sept. 22, 1995) (unpublished op.) ("Where due process has been afforded, merely alleging that a prison official falsified a report does not state a claim for which relief can be granted." (citation omitted)); *Northington v. McGoff*, 968 F.2d 20, 1992 WL 149918, Westlaw op. at 4 (10th Cir. June 25, 1992) (unpublished op.) ("'[A]n allegation that a prison guard planted false evidence which implicates an inmate in a disciplinary infraction fails to state a claim for which relief can be granted where the procedural due process protections as required in *Wolff v. McDonnell* are provided.'" (footnote & citations omitted)).

## Notice of the Right to Object

The Petitioner can object to this report and recommendation. To do so, Mr. Craft must file an objection with the Clerk of this Court. The deadline for objections is October 7, 2011. *See* Fed. R. Civ. P. 6(d), 72(b)(2); 28 U.S.C. § 636(b)(1) (2009 supp.). The failure to timely object would foreclose appellate review of the suggested rulings. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

## Status of the Referral

The referral is discharged.

Entered this 20th day of September, 2011.

_Robert E. Bacharach_
Robert E. Bacharach
United States Magistrate Judge