IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| LOUIS D. CRAFT, JR., ) | |
| ) | |
| Petitioner, ) | |
| vs. ) | NO. CIV-11-728-HE |
| ) | |
| JUSTIN JONES, DIRECTOR, ) | |
| ) | |
| Respondent. ) | |

## ORDER

Petitioner Louis D. Craft, Jr., appearing *pro se,* filed this action seeking habeas relief pursuant to 28 U.S.C. § 2241.[1] He claims he was falsely charged with misconduct and then was denied the right to attend a rehearing regarding the disciplinary matter. Respondent has moved to dismiss the petition on the ground petitioner's claims are moot. Consistent with 28 U.S.C. § 636(b)(1)(B), the matter was referred to Magistrate Judge Robert E. Bacharach, who has recommended that respondent's motion be granted as to petitioner's claim that he was denied the right to attend the hearing. He recommends that the motion to dismiss be denied as to petitioner's false charge claim, but that that claim be denied on the merits. Petitioner has objected to the Report and Recommendation.

While this case was pending, prison officials set aside petitioner's disciplinary conviction and ordered a new hearing. The magistrate judge concluded that action mooted petitioner's claim based on his inability to attend the disciplinary hearing. The court agrees.

---

[1] Although petitioner filed this action under 28 U.S.C. § 2254, the magistrate judge recharacterized it, with petitioner's approval, as one seeking relief pursuant to 28 U.S.C. § 2241.

The court also agrees with the magistrate judge's analysis of petitioner's remaining claim. While he concluded petitioner's false misconduct charge is not moot, he determined that such conduct is not a basis for federal habeas relief. *See* Whitmore v. Kaiser, 1999 WL 288498 (10th Cir. 1999) (unpublished). As the magistrate judge noted, inmates charged with disciplinary infractions are afforded only limited procedural protections. Habeas relief cannot be granted unless the petitioner alleges and establishes a constitutional violation, which Mr. Craft has not done.

The court has considered petitioner's objections to the Report and Recommendation and does not find them to be persuasive. To the extent petitioner is now challenging the disciplinary decision on the basis of insufficient evidence, the "prison officials ... set aside the disciplinary conviction and order[ed] a new hearing." Report and Recommendation, p. 2, relying on Doc. # 15, Exhibit 1. That moots any constitutional violations that may have occurred in the first disciplinary hearing.

Accordingly, the court adopts Magistrate Judge Bacharach's Report and Recommendation. Respondent's motion to dismiss [Doc. #15] is granted with respect to petitioner's claim that he was denied the right to attend a rehearing and that claim is dismissed. Respondent's motion is denied with respect to petitioner's claim that he was falsely charged with misconduct and that claim is denied on the merits. The court also denies a certificate of appealability as it finds petitioner has not made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED**.

Dated this _10th_ day of _Nov._, 2011.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE